UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KAYE,<br><br>                          Plaintiff,<br>     vs.<br>BOARD OF TRUSTEES OF THE SAN DIEGO COUNTY PUBLIC LAW LIBRARY, et al.,<br><br>                          Defendants. | CASE NO. 07cv921 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Partial Remand, filed by Plaintiff Michael Kaye. (Doc. # 7).

### Background

On April 18, 2007, Plaintiff filed a Complaint in the Superior Court of California against the San Diego County Public Law Library ("Law Library"), Board of Trustees of the Law Library ("Board of Trustees"), Robert Riger, individually and in his official capacity as Director of the Law Library, and Joan Allen-Hart, individually and in her official capacity as Assistant Director of the Law Library (collectively "Defendants"). *Notice of Removal,* p. 1-2. (Doc. # 1).

The Complaint alleges that Plaintiff was employed by the Law Library as a full-time reference librarian. The Complaint alleges that on March 5, 2006, Plaintiff disseminated a nine-page email ("Email") to Defendant Allen-Hart and all full-time reference librarians on the Law Library reference staff which addressed "several matters of public concern," including the

1  discontinuance by Law Library management of library classroom programs for the education of
2  self-represented litigants. *Id.* at 3. The Complaint alleges that on or about March 21, 2006,
3  Defendants initiated disciplinary proceedings against Plaintiff for insubordination and misconduct
4  in connection with the Email. *Id.* at 4. The Complaint alleges that on or about August 1, 2006,
5  Defendants issued a letter of termination which notified Plaintiff that his employment at the Law
6  Library would end effective August 3, 2006. *Id.* at 6. The Complaint alleges that Plaintiff filed a
7  post-termination administrative appeal with the Board of Trustees. *Id.* at 5. The Complaint
8  alleges that on or about December 18, 2006, the Board of Trustees issued a formal written decision
9  sustaining Plaintiff's termination. *Id.* at 10.

10  The Complaint alleges the following causes of action: (1) Defendants terminated Plaintiff
11  without providing a pre-termination or post-termination evidentiary hearing, in violation of his
12  procedural due process rights as protected by the Fifth and Fourteenth Amendments of the United
13  States Constitution, and in violation of the California Constitution and the California Labor Code,
14  (2) Defendants did not permit Plaintiff to inspect his personnel file, in violation of his due process
15  rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution, and
16  in violation the California Constitution and the California Labor Code, (3) the library
17  administration, instead of the Board of Trustees, terminated Plaintiff, in violation of section 6345
18  of the California Business and Professions Code, (4) Defendants failed to comply with the notice
19  and open session requirements governing public employee disciplinary proceedings, in violation of
20  the Ralph M. Brown Act, section 54957 of the California Government Code, (5) Defendants
21  terminated Plaintiff based on his protected public employee speech, in violation of Article I,
22  section 2(a) of the California Constitution, and (6) Defendants did not honor the whistle blower
23  protections of the California False Claims Act, section 12653 of the California Government Code.
24  Plaintiff seeks a judicial declaration that Defendants violated Plaintiff's statutory and
25  constitutional rights, a peremptory writ of mandate commanding Defendants to reinstate Plaintiff
26  to his former position as a reference librarian at the Law Library, and damages.

27  On May 22, 2007, Defendants filed a Notice of Removal under 28 U.S.C. section 1441(a).
28  (Doc. # 1). The Notice of Removal asserts federal question jurisdiction under 28 U.S.C. section

1331. Defendants contend that the Complaint alleges violations of the Fifth and Fourteenth Amendments of the United States Constitution, and the Federal Civil Rights Act of 1871, 42 U.S.C. section 1983. Defendants contend that the Court should assert supplemental jurisdiction over any state law claims raised in the Complaint under 28 U.S.C. section 1367(a). *Notice of Removal,* p. 2.

On August 6, 2007, Plaintiff filed a Motion for Partial Remand. Plaintiff contends that the Court should decline supplemental jurisdiction over the Complaint's third, fourth and fifth causes of action on grounds that they raise novel or complex issues of state law and that considerations of economy, convenience, fairness and comity counsel in favor of remand. On August 31, 2007, Defendants filed a Response in Opposition to the Motion to Remand. (Doc. # 9). On September 10, 2007, Plaintiff filed a Reply to Defendant's Opposition to the Motion to Remand, which requested for the first time that the Court remand the Complaint's sixth cause of action in addition to the third, fourth and fifth causes of action. (Doc. # 11). On November 29, 2007, the Court granted Defendants leave to file any response to Plaintiff's request to remand the sixth cause of action by December 10, 2007. (Doc. # 19). On December 10, 2007, Defendants filed a Reply to Response to Motion re Motion for Partial Remand, which opposed Plaintiff's request to remand the Complaint's sixth cause of action. (Doc. # 22).

### **Standard of Review**

Under 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. section 1367, "in a civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal courts have broad authorization under 28 U.S.C. section 1367 to assert supplemental jurisdiction over state law claims when the state and federal claims derive from a "common nucleus of operative fact," the claims are such that the plaintiff "would ordinarily be

1 expected to try them all in one judicial proceeding," and the federal issues are substantial.
2 *Executive Software North America, Inc. v. Jensen,* 24 F.3d 1545, 1552 (9th Cir. 1994). However,
3 "[i]t has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion."
4 *Id.* at 1556.

5 Under section 1367(c), a court can decline to assert supplemental jurisdiction over a
6 pendant claim if one of the following four categories applies:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

11 28 U.S.C.A. § 1367(c); *Executive Software,* 24 F.3d at 1557. In making its determination, the
12 court should be guided by considerations of "judicial economy, convenience, fairness and comity."
13 *Id.* If the exercise of supplemental jurisdiction does not advance these considerations, "a federal
14 court should hesitate to exercise jurisdiction over state law claims." *Id.*

### Discussion

### I. The Complaint's Fifth Cause of Action

17 Plaintiff moves to remand the Complaint's fifth cause of action on grounds that it raises
18 novel and complex issues of state law because it "presents an issue of first impression under
19 Article I section 2(a) of the California Constitution concerning protection of public employees for
20 the things they say or write in the course of performing their job duties." *Id.* at 8. Plaintiff
21 contends that no California state court has defined "the scope of protection that applies under
22 Article I, section 2(a) of the California Constitution to statements made by a public employee
23 while performing his official duties." *Mot. to Remand,* p. 8. Plaintiff further contends that the
24 United States Supreme Court's recent decision in *Garcetti v. Ceballow,* 126 S. Ct. 1951 (2006),
25 "abruptly altered the landscape of First Amendment law for public employees," by eliminating
26 protection of on-the-job expression, *see Pickering v. Board of Education,* 391 U.S. 563 (1968).
27 Plaintiff contends that "[i]t is not self-evident that the California courts would choose to march in
28 lockstep with the United States Supreme Court's newly minted standard of sterile constitutional

1 values." *Mot. for Remand,* p. 5.

2 Defendants contend that the *Garcetti* decision did not make drastic changes to employee free speech law, but simply applied the framework established in *Pickering* to different facts:

> The distinction between *Pickering* and *Garcetti* is clear. The first involved comments made by a community member as part of a public debate who also happened to be a government employee. The later involved communications made by a public employee as part of fulfilling the responsibilities of his position and did not involve a public debate.

*Opposition,* p. 6-7; *see Garcetti,* 126 S. Ct. 195; *Pickering,* 391 U.S. 563. Defendants contend that "an established framework governs California state law relating to employee free speech issues." *Opposition,* p. 8; *see Bogacki v. Board of Supervisors,* 5 Cal. 3d 771 (1971); *Bagley v. Washington Township Hospital District,* 65 Cal. 2d 499 (1966). Defendants contend that the Complaint's fifth cause of action does not raise novel or complex issues of state law because there is ample California state law on point which is consistent with established federal law.

The United States Supreme Court has addressed the protections afforded by the First Amendment of the United States Constitution to public employee speech, and held that the First Amendment prohibits the termination of a public employee who exercises his right to speak on issues of public importance. *Pickering,* 391 U.S. at 573. Conversely, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti,* 126 S. Ct. at 1960.

The rights guaranteed by the California Constitution are independent of those guaranteed by the United States Constitution. *Cal. Const.,* Art. I § 2(a). The California courts "have indicated that the liberty of speech clause [Art. I, section 2(a) of the California Constitution] is broader and more protective than the free speech clause of the First Amendment." *Los Angeles Alliance for Survival v. City of Los Angeles,* 22 Cal. 4th 352, 366 (2000). The "California Constitution is independent and . . . federal decisions interpreting the First Amendment are not controlling." *Id.*

Defendants rely on the California Supreme Court's decisions in *Bogacki* and *Bagley* to support their contention that public employee speech issues are not novel or complex under California law, emphasizing that the California Supreme Court consistently considers (1) whether

the political restraints rationally relate to the enhancement of the public service, (2) whether the benefits which the public gains by the restraints outweigh the resulting impairment of constitutional rights, and (3) whether there exist alternatives that are less subversive of constitutional rights when determining whether restrictions on public employee rights are permissible under the California Constitution. *Bagley,* 65 Cal. 2d at 502; *Bogacki,* 5 Cal. 3d at 778. Although California courts have addressed restrictions on public employee rights generally, the facts of this case specifically involve the scope of protection provided by Article I, section 2(a) of the California Constitution to the statements made by public employees in the course of their employment. Defendants also rely on the California Court of Appeal's decision in *Norton v. City of Santa Ana,* 15 Cal. App. 3d 419, 426 (1971), to support their contention that California state courts apply the same framework as federal courts to public employee free speech issues on grounds that the reasoning in *Norton* is consistent with *Garcetti*. *Opposition*, p. 9. Although *Norton* addressed the question of whether a police officer may be terminated for making "vicious charges against his chief," the plaintiff in *Norton* challenged his termination under the First Amendment, not the California Constitution. 15 Cal. App. 3d at 426. *Norton* therefore did not address the framework that applies to public employee free speech issues under Article I section 2(a) of the California Constitution.

The Court concludes that the Complaint's fifth cause of action raises a novel or complex issue of State law under section 1367(c) and is appropriately resolved by the state courts.

**II.     The Complaint's Remaining Causes of Action**

The Complaint's third, fourth and sixth causes of action allege violations of Plaintiff's rights as protected by state law. *See supra,* p. 2. These state law causes of action require inquiry into Defendants' reasons for terminating Plaintiff and whether the process by which Plaintiff was terminated violated specific sections of the California Business and Professions Code, the California Government Code and the California Constitution. The Complaint's first and second causes of action allege violations of Plaintiff's rights as protected by both federal and state law. *See id.* These causes of action require inquiry into whether Plaintiff was unlawfully denied a pre-removal and post-removal evidentiary hearing and whether Plaintiff was unlawfully denied the

right to inspect his personnel records. The Court finds that Plaintiff's purely state law claims, raised in the Complaint's third, fourth and sixth cause of action, require inquiry into different facts than those that underlie the Complaint's first and second causes of action, which raise both federal and state claims. The Court further finds that remand of the Complaint's third, fourth and sixth causes of action would "most sensibly accommodate" the values of judicial economy, convenience, comity and fairness. *See Executive Software North America, Inc. v. Jensen,* 24 F.3d 1545, 1554 (9th Cir. 1994). The Court concludes that the Complaint's third, fourth and sixth causes of action raise factually distinct and complex issues of state law under section 1367(c), and are appropriately resolved by the state courts.

## Conclusion

IT IS HEREBY ORDERED that the Motion for Partial Remand (Doc. # 7) filed by Plaintiff Michael Kaye is **GRANTED.**

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over the Complaint's third, fourth, fifth and sixth causes of action, and **REMANDS** the Complaint's third, fourth, fifth and sixth causes of action to the state court. The Court retains jurisdiction over the Complaint's first and second causes of action.

DATED: December 11, 2007

**WILLIAM Q. HAYES**
United States District Judge