1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL KAYE,                                    CASE NO. 07cv921 WQH (WMc)

12                                   Plaintiff,      **ORDER**

              vs.
13  BOARD OF TRUSTEES OF THE SAN
    DIEGO COUNTY LAW LIBRARY, et
14  al.,

15                                  Defendants.

16  HAYES, Judge:

17          The matters before the Court are the Motion for Summary Judgment (Doc. # 26) filed

18  by Defendant Board of Trustees of the San Diego County Public Law Library, the Ex Parte

19  Motion for Leave to File Pretrial Cross-Motion for Abstention and Remand (Doc. # 35) filed

20  by Plaintiff Michael Kaye, and the Cross-Motion for Abstention and Remand (Doc. # 36) filed

21  by Plaintiff Michael Kaye.

22                      **Statement of Undisputed Facts**

23          Plaintiff Michael Kaye served as a reference librarian at the San Diego County Public

24  Law Library ("Library") for more than 20 years.

25          In May 2005, then-Library Director Charles R. Dyer issued a written reprimand to

26  Plaintiff ("2005 Reprimand"). The 2005 Reprimand addressed an incident between Plaintiff

27  and a Library patron who Plaintiff believed was stealing. The 2005 Reprimand was based, in

28  part, on an incident report ("Confidential Incident Report") issued by an undisclosed employee.

                                         - 1 -                        07cv921 WQH (WMc)

1    Plaintiff requested a copy of the Confidential Incident Report, but his request was denied on

2    grounds that the reporting employee requested that the Report be kept confidential.

3         Plaintiff submitted a grievance appeal to the Board of Trustees of the Library ("Board

4    of Trustees") which challenged the merits of the 2005 Reprimand and also complained that

5    refusal to permit Plaintiff to review the Confidential Incident Report violated section 1198.5

6    of the California Labor Code.  Plaintiff was never permitted to review the actual Confidential

7    Incident Report, but the Board of Trustees did provide Plaintiff with a document entitled

8    "Comprehensive Summary of Substance of Employee Incident Report."  *Pltf's Mot. for*

9    *Abstention,* Exhibit 6.

10        On March 5, 2006, Plaintiff sent a nine-page email to Joan Allen-Hart, the Assistant

11   Director of Public Relations of the Library, and all reference librarians.  The email criticized

12   library management, characterizing management's conduct as "disgusting, degrading, and

13   utterly unprofessional," and stating that management had a history of "pettiness, animosity and

14   jealousy."  *Dft's Mot. for Summary Judgment,* Exhibit 6.

15        On March 6, 2006, Plaintiff was placed on administrative leave.  In a letter dated March

16   21, 2006, Allen-Hart sent Plaintiff a written notice of proposed termination.  The letter stated:

17   "After further review of the content of your [March 5, 2006] email communication, this is to

18   notify you that you are being terminated for insubordination and serious misconduct."  *Pltf's*

19   *Mot. for Abstention,* Exhibit 7.

20        In or about April 2006, Plaintiff received a letter from Robert Riger, the Chief

21   Executive Officer and Director of the Library, which rescinded the March 21, 2006 notice of

22   proposed termination and stated that "[t]his is a new letter of proposed termination."  *Dft's*

23   *Mot. for Summary Judgment,* Exhibit 9.  The letter stated that "[a]fter further review of the

24   content of your email communication, this is to notify you that you are being terminated for

25   insubordination and serious misconduct."  *Id.*  The letter also provided that Plaintiff was

26   entitled to administrative review of the proposed termination.  *Id.*

27        Plaintiff sought administrative review of his termination.  Cyndy Day-Wilson, Esq., a

28   former member of the Board of Trustees, served as the administrative hearing officer.  In a

1   letter dated August 1, 2006, Day-Wilson issued an opinion upholding the decision to terminate

2   Plaintiff's employment at the Library.  Day-Wilson listed Plaintiff's March 5, 2006 email and

3   the 2005 Reprimand among the documents she relied on in determining that Plaintiff's

4   termination was appropriate.  *Id.,* Exhibit 11.

5           Plaintiff began post-termination procedures by requesting an appeal and evidentiary

6   hearing by the Board of Trustees.  In a letter dated October 12, 2006, William Songer, an

7   attorney at the County Counsel's office, stated that despite the proceedings to date, the Library

8   was not required to comply with Plaintiff's request for a post-termination evidentiary hearing

9   because Plaintiff's employment at the Library had been at-will under section 6345 of the

10   California Business and Professions Code.  *Pltf's Opposition to Mot. for Summary Judgment,*

11   Exhibit I.  Songer's letter stated that Plaintiff was entitled to further administrative recourse

12   through Library's Grievance Procedure, which affords administrative review of personnel

13   actions.  On November 29, 2006, Plaintiff presented his grievance of his termination at a

14   regular meeting of the Board of Trustees pursuant to the Library's Grievance Procedure. *Pltf's*

15   *Mot. for Abstention,* Exhibit 13.   In a letter dated December 18, 2006, the Board of Trustees

16   issued a written decision upholding Plaintiff's termination, and terminating Plaintiff's

17   employment with the Library effective December 4, 2006. *Id.,* Exhibit 16.

18                         **Procedural History**

19         On April 18, 2007, Plaintiff filed a Complaint (Doc. # 1) in the Superior Court of

20   California against the Library, the Board of Trustees, Robert Riger, individually and in his

21   official capacity as Director of the Law Library, and Joan Allen-Hart, individually and in her

22   official capacity as Assistant Director of the Law Library (collectively "Defendants"). *Notice*

23   *of Removal,* p. 1-2.  The Complaint alleges the following causes of action: (1) Defendants

24   terminated Plaintiff without providing a pre-termination or post-termination evidentiary

25   hearing, which deprived Plaintiff of his constitutionally protected employment without due

26   process of law, in violation of the Fifth and Fourteenth Amendments of the United States

27   Constitution and Article I, sections 7 and 15 of the California Constitution, and (2) Defendants

28   did not permit Plaintiff to inspect his personnel file, which violated section 1198.5 of the

1 California Labor Code and the disciplinary due process requirements in the California and

2 United States Constitutions.[1]

3       On April 1, 2008, Defendants filed the Motion for Summary Judgment (Doc. # 24).  On

4 April 17, 2008, Plaintiff filed the Ex Parte Motion for Leave to file the Cross-Motion for

5 Abstention and Remand (Doc. # 35).  On April 17, 2008, Plaintiff also filed the Cross-Motion

6 for Abstention and Remand (Doc. # 36).  On May 5, 2008, Defendants filed a Response in

7 Opposition to the Cross-Motion for Abstention and Remand (Doc. # 42).  On May 5, 2008,

8 Plaintiff filed a Response in Opposition to the Motion for Summary Judgment (Doc. # 45).

9 On May 12, 2008, Defendants filed a Reply to the Motion for Summary Judgment (Doc. # 49).

10 On May 12, 2008, Plaintiff filed a Reply to the Cross-Motion for Abstention (Doc. # 54).  On

11 May 19, 2008, the Court heard oral argument on both the Motion for Summary Judgment and

12 the Cross-Motion for Abstention and Remand (Doc. # 55).

13 **Standard of Review**

14       Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

15 Procedure where the moving party demonstrates the absence of a genuine issue of material fact

16 and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*

17 *v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive

18 law, it could affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

19 242, 248 (1986).  A dispute over a material fact is genuine if "the evidence is such that a

20 reasonable jury could return a verdict for the nonmoving party."  *Id.*

21       A party seeking summary judgment always bears the initial burden of establishing the

22 absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  If the moving party

23 _____

24     [1] The original Complaint also alleged the following causes of action: the library administration, instead of the Board of Trustees, terminated Plaintiff, in violation of section 6345 of the California Business and Professions Code; Defendants failed to comply with the

25 notice and open session requirements governing public employee disciplinary proceedings, in violation of the Ralph M. Brown Act, section 54957 of the California Government Code;

26 Defendants terminated Plaintiff based on his protected public employee speech, in violation of Article I, section 2(a) of the California Constitution; and Defendants did not honor the

27 whistle blower protections of the California False Claims Act, in violation of section 12653 of the California Government Code.  However, on December 11, 2007, the Court issued an

28 order granting Plaintiff's motion for partial remand (Doc. # 24) and remanding these causes of action to state court.

1  satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own

2  affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

3  specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ.

4  P. 56(e)).

5       In ruling on a motion for summary judgment, the Court must view all inferences drawn

6  from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*

7  *Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   "Credibility

8  determinations [and] the weighing of evidence . . . are jury functions, not those of a judge,

9  [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

10                                         **Analysis**

11  **I.      Defendants' Motion for Summary Judgment on the Complaint's First Cause of
           Action for Deprivation of Constitutionally Protected Employment without Due
12          Process of Law**

13       Defendants contend that a required element of Plaintiff's first cause of action for

14  violation of due process of law is a property interest in his continued employment at the

15  Library.  Defendants contend that a public employee does not have a property interest in his

16  employment if his employment is subject to a statutory provision providing that the

17  employment is at-will.  Defendants contend that if the employment is subject to a statute

18  providing that the employee is terminable "at the pleasure" of the appointing authority, then

19  the employment is at-will.  Defendants contend that Plaintiff did not have a property interest

20  in his employment at the Library because Plaintiff's employment was subject to section 6345

21  of the California Business and Professions Code, and section 6345 provides for termination

22  at the pleasure of the appointing authority. Defendants contend that the Complaint's first cause

23  of action fails because Plaintiff was not entitled to pre-termination and post-termination due

24  process.

25       Plaintiff contends that his case falls within an exception to the general rule that an

26  employee does not have a property interest in his employment when his employment is subject

27  to a statute providing that the employment is at-will.  *Opposition to Mot. for Summary*

28  *Judgment,* p. 8.   Plaintiff contends that "[p]ersonnel rules that permit discharge of

1   nonprobationary employees only for cause override the doctrine of at-will termination, even

2   in the face of a statute that ostensibly conditions continued employment on the 'pleasure' of

3   the governing body." *Id.* at 10. Plaintiff contends that the Library classified his employment

4   status as "permanent" pursuant to the Library's Personnel Manual and the Library's

5   Membership Form for the Public Employee's Retirement System. *Id.* at 14. Plaintiff contends

6   that his "permanent" employment status created a property interest in his employment at the

7   Library, and therefore created an entitlement to pre-termination and post-termination due

8   process proceedings.

9         To establish a claim pursuant to 42 U.S.C. section 1983 for violations of a claimant's

10  Fifth and Fourteenth Amendment rights, the claimant must show: (1) that he was deprived of

11  a right secured by the Constitution or laws of the United States, and (2) that the deprivation

12  was committed under the "color of state law." *American Mfrs. Mut. Ins. Co., v. Sullivan,* 526

13  U.S. 410 (1999). For a public employee to establish a claim under section 1983 that he was

14  terminated from his employment in violation of his due process rights, the employee must have

15  a property interest in his employment. *Brady v. Gebbie,* 859 F.2d 1543, 1547 (9th Cir. 1988).

16  Property interests that are subject to due process protections are created by "existing rules or

17  understandings that stem from an independent source such as state law. Thus, state law defines

18  what is and what is not property that is subject to" federal due process protections. *Id.* at 1548

19  (internal quotations omitted).

20        Under California law, a public employee whose employment is at-will does not have

21  a protected property interest in continued employment. *Binkley v. Long Beach,* 6 Cal. App.

22  4th 1795, 1808 (1993). In California, the terms and conditions of public employment are fixed

23  by statute, not by contract. *Miller v. California,* 18 Cal. 3d 808, 813 (1977). "[I]t is well

24  settled in California that . . . no employee has a vested contractual right to continue in

25  employment beyond the time or contrary to the terms and conditions fixed by law." *Id.*

26  Section 6345 of the California Business and Professions Code governs the employment of

27  public library personnel, and provides that "[a] board may appoint a librarian and define the

28  powers and prescribe the duties of any officers, determine the number, and elect all necessary

1   subordinate officers and assistants, and at its pleasure remove any officer or assistant." Cal.

2   Bus. & Prof. Code § 6345. A "public employee serving at the pleasure of the appointing

3   authority," whether he be a "permanent" employee or "provisional" employee, is "by the terms

4   of his employment subject to removal without judicially cognizable good cause." *Bogacki v.*

5   *Board of Supervisors,* 5 Cal. 3d 771, 783 (1971). "Serving at the pleasure means one is an at-

6   will employee who can be fired without cause." *Hill v. City of Long Beach,* 33 Cal. App. 4th

7   1684, 1694 (1995). "[P]ermanent employment is interpreted as a contract for an indefinite

8   period and in the absence of statutory provisions or public policy considerations is terminable

9   at the will of either party for any reason whatsoever." *Newfield v. Ins. Co. of W.,* 156 Cal.

10  App. 3d 440 (1984).

11          Plaintiff asserts that he had a protected property interest in his employment at the

12  Library such that he could not be terminated without being afforded due process protections

13  on grounds that his employment status was termed "permanent." Plaintiff relies on a copy of

14  a Membership Form for the Public Employee's Retirement System, which provides that

15  Plaintiff's term of appointment with the Library was "permanent" as opposed to "temporary,"

16  and a copy of the new hires section of the Library Personnel Manual, which states that upon

17  successful completion of a six-month probationary period, "the new hire will be considered

18  permanent." *Pltf's Opposition to Mot. for Summary Judgment,* Exhibits A, B. Plaintiff,

19  however, does not dispute that he was employed pursuant to section 6345 of the California

20  Business and Professions Code, which provides that the Board of Trustees may remove library

21  officers or assistants employed under this section "at its pleasure." Cal. Bus. & Prof. Code §

22  6345. Plaintiff does not dispute that a statutory provision stating that an employee is serving

23  at the pleasure of the appointing authority means that the employee is terminable at-will.

24          The Court concludes that section 6345 of the California Business and Professions Code

25  governs Plaintiff's employment. The Court concludes that Plaintiff was an at-will employee

26  because he was serving at the pleasure of the Board of Trustees pursuant to section 6345. As

27  an at-will employee, Plaintiff had no protected property interest in his employment at the

28  Library, and "by the terms of his employment [was] subject to removal without judicially

1  cognizable good cause." *Bogacki v. Board of Supervisors,* 5 Cal. 3d 771, 783 (1971).

2  Viewing the facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff's

3  federal due process claims in the first cause of action fail because Plaintiff was not entitled to

4  pre-termination and post-termination procedural due process under the United States

5  Constitution.  The Court grants summary judgment for Defendants on Plaintiff's federal due

6  process claims in the Complaint's first cause of action.[2][3]

7      The Complaint's first cause of action states that Plaintiff "seeks parallel relief under

8  article I, sections 7 and 15 of the California Constitution," *Complaint,* ¶ 79.  However, Plaintiff

9  does not address his entitlement to relief under the California Constitution in his Opposition

10  to the Motion for Summary Judgment.  As discussed in more detail below, the Court declines

11  to exercise supplemental jurisdiction over the first cause of action to the extent it asserts claims

12  arising under California law.

13  **II.    Defendants' Motion for Summary Judgment on the Complaint's Second Cause
         Action for Violations of Section 1198.5 of the California Labor Code, and the Due**
14      **Process Requirements in the California and United States Constitutions**

15      Defendants contend that Plaintiff admits he never triggered section 1198.5 of the

16  California Labor Code because he never asked to inspect his personnel file.  Defendants

17  contend that Plaintiff only asked for a copy of the Confidential Incident Report, which was not

18  subject to disclosure because it constitutes a "letter of reference" within the meaning of section

19  1198.5.  Defendants also contend that the privacy interest in the Confidential Incident Report

20

21      [2] Plaintiff asserts in the Opposition to the Motion for Summary Judgment that the first
    cause of action "alleged procedural violations that are actionable whether the legal theory
    [underlying this action] is violation of constitutional due process or violation of the library's
22  own grievance procedure." *Opposition to Mot. for Summary Judgment,* p. 19.  However, the
    Complaint does not allege a claim for relief on grounds that he was terminated in violation of
23  the Library's Grievance Procedure.  In a scheduling order, the Court provided that any motion
    to amend the pleadings shall be filed on or before December 6, 2007 (Doc. # 17).  Plaintiff has
24  not sought leave to amend the complaint and fails to articulate why he has not amended his
    complaint.
25

26      [3] Defendants oppose the admissibility of excerpts from the Library Personnel Manual
    on grounds that it has not been authenticated.  Even if the Manual is admissible, however, the
    Library Manual's designation of employees who have worked at the Library for more than six
27  months as "permanent" employees, without more, is insufficient to overcome the statutory
    designation of Plaintiff's employment as at-will and create a constitutionally protected
28  property interest in Plaintiff's employment.  *Newfield v. Ins. Co. of W.,* 156 Cal. App. 3d 440
    (1984).

1   outweighs any interest in its production.  Defendants contend that Plaintiff was provided with

2   a summary of the Confidential Incident Report, which was sufficient under section 1198.5.

3       Plaintiff's Opposition to the Motion for Summary Judgment states: "Please refer to

4   plaintiff's cross-motion for abstention and remand to find plaintiff's main response to

5   defendants' summary judgment attack on the Second cause of action." *Pltf's Opposition to*

6   *Mot. for Summary Judgment,* p. 4.

7       Pursuant to 28 U.S.C. section 1367(c), a federal court may decline to exercise

8   supplemental jurisdiction over a pendant state law claim if "the district court has dismissed all

9   claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c); *Executive Software N.*

10  *Am. v. United States,* 24 F.3d, 1545 1557 (9th Cir. 1994).  If the exercise of supplemental

11  jurisdiction does not advance considerations of "judicial economy, fairness and comity," a

12  federal court "should hesitate to exercise jurisdiction over state law claims." *Id.*

13      In support of the second cause of action, the Complaint alleges that Defendants refused

14  to provide Plaintiff with a copy of the Confidential Incident Report in violation of Plaintiff's

15  rights as protected by the California Labor Code, the California Constitution and the United

16  States Constitution.  Specifically, the Complaint alleges that Plaintiff has a right "under Labor

17  Code section 1198.5, subdivision (2), and under the California and Federal constitutional

18  requirements of preremoval due process, to inspect all accusatory documents used for any

19  disciplinary purpose against him prior to the imposition of disciplinary action based in whole

20  or in part on those documents." *Complaint,* ¶ 138.  As previously discussed, Plaintiff was an

21  at-will employee, subject to termination without cause, and therefore failed to establish a claim

22  for violation of his federal due process rights on grounds that he had a protected property

23  interest in his employment at the Library.  Plaintiff does not assert another basis to support his

24  claim in the second cause of action that he is entitled to relief for violations of his federal due

25  process rights.  Viewing the facts in the light most favorable to the Plaintiff, the Court

26  concludes that Plaintiff's second cause of action fails insofar as it asserts violations of

27  Plaintiff's federal due process rights.  The Court grants summary judgment for Defendants

28  with respect to any federal due process claims in the second cause of action.

07cv921 WQH (WMc)

1        The only claims remaining before the Court are for violations of section 1198.5 of the

2   California Labor Code and Plaintiff's due process rights as protected by the California

3   Constitution.  The Court has dismissed all of Plaintiff's claims over which it had original

4   jurisdiction.  The Court concludes that exercising jurisdiction over Plaintiff's remaining state

5   law claims would not advance considerations of "judicial economy, fairness and comity."

6   *Executive Software,* 24 F.3d at 1557.  The Court declines to exercise supplemental jurisdiction

7   over the second cause of action with respect to Plaintiff's state law claims for violations of the

8   California Labor Code and the California Constitution.[4]

9                         **Conclusion**

10       IT IS HEREBY ORDERED that the Motion for Summary Judgment (Doc. # 26) is

11  **GRANTED in part.**  The Court GRANTS summary judgment for Defendants and against

12  Plaintiff on the federal claims Complaint's first and second causes of action.  The Court

13  declines to exercise supplemental jurisdiction over the state law claims in the Complaint's first

14  and second causes of action.

15       IT IS FURTHER ORDERED that the Cross-Motion for Abstention and Remand (Doc.

16  # 36) and Ex Parte Motion for Leave to File Pretrial Cross-Motion for Abstention and Remand

17  (Doc. # 35) are **DENIED as moot.**

18  DATED:  June 10, 2008

19                           *William Q. Hayes*

                         **WILLIAM Q. HAYES**

20                           United States District Judge

21

22

23

24

---

25       [4] In the Cross-Motion for Abstention and Remand under the *Pullman* Doctrine, Plaintiff contends that the Court should abstain under the *Pullman* doctrine and postpone its exercise of jurisdiction to enable the state court to deal with the unsettled state law issues in this case first.

26  Plaintiff contends that California law is unsettled on the issue of whether section 1198.5 of the California Labor Code exempts disclosure of accusatory documents such as the Confidential Incident

27  Report.  As previously discussed, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim that Defendants' refusal to provide Plaintiff with a copy of the Confidential Incident

28  Report violated section 1198.5 of the California Labor Code and the California Constitution. Plaintiff's Cross-Motion for Abstention is therefore moot.