UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KAYE,<br><br>                       Plaintiff,<br>vs.<br>BOARD OF TRUSTEES OF THE SAN DIEGO COUNTY PUBLIC LAW LIBRARY, et al.,<br><br>                      Defendants. | CASE NO. 07cv921 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Alter or Amend the Judgment to Specifically Remand all Unadjudicated Pendent Claims to State Court (Doc. # 66).

**Background**

On April 18, 2007, Plaintiff filed a Complaint (Doc. # 1) in the Superior Court of California against the San Diego County Law Library, the Board of Trustees, Robert Riger, individually and in his official capacity as Director of the Law Library, and Joan Allen-Hart, individually and in her official capacity as Assistant Director of the Law Library (collectively "Defendants"). *Notice of Removal,* p. 1-2. On May 22, 2007, Defendants removed the Complaint to this Court. The Complaint alleges the following causes of action: (1) Defendants terminated Plaintiff without providing a pre-termination or post-termination evidentiary hearing, in violation of his procedural due process rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution, and in violation of the California

Constitution and the California Labor Code, (2) Defendants did not permit Plaintiff to inspect his personnel file, in violation of his due process rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution, and in violation the California Constitution and the California Labor Code, (3) the library administration, instead of the Board of Trustees, terminated Plaintiff, in violation of section 6345 of the California Business and Professions Code, (4) Defendants failed to comply with the notice and open session requirements governing public employee disciplinary proceedings, in violation of the Ralph M. Brown Act, section 54957 of the California Government Code, (5) Defendants terminated Plaintiff based on his protected public employee speech, in violation of Article I, section 2(a) of the California Constitution, and (6) Defendants did not honor the whistle blower protections of the California False Claims Act, section 12653 of the California Government Code.

On August 6, 2007, Plaintiff filed a motion for partial remand (Doc. # 7). On December 11, 2007, the Court remanded the Complaint's third, fourth, fifth and sixth causes of action to state court (Doc. # 24). The Court retained jurisdiction over the Complaint's first and second causes of action.

On April 1, 2008, Defendants filed a motion for summary judgment (Docs. # 26, 27). On June 10, 2008, the Court granted summary judgment for Defendants and against Plaintiff on the federal claims in the Complaint's first and second causes of action, and declined to exercise supplemental jurisdiction over the state law claims in the Complaint's first and second causes of action (Doc. # 62). On June 11, 2008, the Clerk of the Court entered judgment and closed the case (Doc. # 63). The case remains closed.

On June 24, 2008, Plaintiff filed the Motion to Alter or Amend the Judgment. Plaintiff states:

> The court's order and judgment of June 10, 2008, make no specific disposition of the unadjudicated state law issues. Although the court clearly declined to exercise supplemental jurisdiction over those issues, it did not dismiss them with prejudice. It did not dismiss them without prejudice. And it did not remand those claims to state court. The practical effect of the court's order and judgment has been to bottle up the unadjudicated state claims in a procedural and jurisdictional limbo which if not corrected, will prevent their resolution forever.
>
> By filing to expressly terminate and relinquish jurisdiction over plaintiff's

1
2
   residual state law claims, the court has (perhaps inadvertently) retained them in perpetuity under federal jurisdiction while refusing to decide them.

3 *Mot. to Alter Judgment,* p. 2-3. Plaintiff requests that the Court alter or amend the judgment
4 under either Rule 59(e) or 60(a) of the Federal Rules of Civil Procedure "to dispose of
5 plaintiff's unadjudicated pendent state claims by remanding them to the San Diego Superior
6 Court." *Id.* at 10.

7   On July 14, 2008, Defendants filed an Opposition to Plaintiff's Motion to Alter or
8 Amend the Judgment (Doc. # 69). Defendants contend that there is no reason to amend or alter
9 the judgment because the Court "has dismissed the state claims by operation of its Judgment."
10 *Opposition,* p. 3.

11 **Ruling of the Court**

12   Plaintiff contends that the Court has retained jurisdiction "in perpetuity" over Plaintiff's
13 residual state claims by failing to expressly relinquish jurisdiction. *Mot. to Alter Judgment,*
14 p. 3. However, on June 10, 2008, the Court declined to exercise supplemental jurisdiction over
15 Plaintiff's state law claims and dismissed Plaintiff's state law claims. On June 11, 2008, the
16 Clerk of the Court entered judgment in this action. The case was closed and remains closed.
17 The Court has not retained jurisdiction over any of Plaintiff's claims. In light of the foregoing,
18 the Court denies the Motion to Alter or Amend the Judgment.

19   IT IS HEREBY ORDERED that the Motion to Alter or Amend the Judgment to
20 Specifically Remand all Unadjudicated Pendent Claims to State Court (Doc. # 66) is **DENIED.**
21 DATED: October 21, 2008

22
23               */s/ William Q. Hayes*
              **WILLIAM Q. HAYES**
              United States District Judge

24
25
26
27
28